1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| BENNIT E. HAYES, JR., | 1:12-CV-01113 GSA HC |

12

Petitioner,          ORDER DISMISSING PETITION FOR WRIT
                             OF HABEAS CORPUS

13

v.

14

ORDER DIRECTING CLERK OF COURT TO
ENTER JUDGMENT AND TERMINATE
P. COPENHAVER,                  CASE

15
16

Respondent.          ORDER DECLINING ISSUANCE OF
_____ /   CERTIFICATE OF APPEALABILITY

17
18

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

19

pursuant to 28 U.S.C. § 2241.  He has consented to the jurisdiction of the magistrate judge

pursuant to 28 U.S.C. § 636(c).

20
21

    Petitioner filed the instant petition for writ of habeas corpus on July 9, 2012.  He is

22

currently serving a life sentence for his 2003 conviction in the United States District Court for

23

the Northern District of Florida.  Petitioner contends that the United States Supreme Court

decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577 (2010) applies

24

retroactively to his criminal case thereby rendering him actually innocent of sentencing

25

enhancements imposed pursuant to 21 U.S.C. § 851.

26

## JURISDICTION

27
28

    A federal prisoner who wishes to challenge the validity or constitutionality of his

1

conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective.

Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir.2006).

Petitioner contends he has not had an unobstructed procedural shot at presenting his claim because the Eleventh Circuit has rejected his application to file a successive § 2255 motion. Petitioner's argument is not persuasive.  His inability to meet the statutory requirements for filing a successive § 2255 motion does not automatically render the remedy under § 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (concluding that a § 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255, and that the AEDPA required dismissal of petitioner's successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence).  Relief via § 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir.2000). Further, as previously stated, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a previous § 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez–Pacheco, 237 F.3d 1077 (9th Cir.2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that § 2255 remedy was ineffective because he was denied permission to file a successive § 2255 motion, and stating that dismissal of a subsequent § 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162–63.

3

1   Furthermore, Petitioner has failed to demonstrate that his claims qualify under the savings

2   clause of section 2255 because his claims are not proper claims of "actual innocence."  In

3   Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish

4   actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely

5   than not that no reasonable juror would have convicted him."  Id. at 623 (internal quotation

6   marks omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the

7   evidence, and he must show not just that the evidence against him was weak, but that it was so

8   weak that "no reasonable juror" would have convicted him.  Lorentsen, 223 F.3d at 954.

9   In this case, Petitioner does not assert that he is factually innocent of the crime for which

10  he was convicted.  Rather, he claims that, for sentencing purposes, he does not have the requisite

11  qualifying prior convictions which subjected him to a mandatory life sentence enhancement.

12  Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of

13  the crime for which he has been convicted, not the sentence imposed.  See Ivy v. Pontesso, 328

14  F.3d, 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under

15  Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction");

16  Stephens, 464 F.3d at 898–99 (concluding that, although petitioner satisfied the requirement of

17  not having had an "unobstructed procedural shot" at presenting his claim, petitioner could not

18  satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly

19  invoke the escape hatch exception of § 2255).

20  Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255

21  constitutes an "inadequate or ineffective" remedy for raising his claims.  Accordingly, Section

22  2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed

23  for lack of jurisdiction.

24  ## CERTIFICATE OF APPEALABILITY

25  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district

26  court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v.

27  Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a

28  certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

4

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

///

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.      The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2.      The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3.      The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:**   **August 7, 2012**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE